JOHN H. BARNES AND OTHERS V. OWEN B. HARDEMAN AND
ANOTHER.

The Act of 1846, to organize Probate Courts, in so far as its provisions were ap-
plicable to the office of guardian, related as well to guardians as to executors
and administrators.

The Probate Court had authority under the Act of 1846 to organize Probate
Courts, (Hart. Dig. p. 347,) to order the sale of the property of minors, on the
application of the guardian.

Where the guardian applied for an order of sale under the Act of 1846, (Hart.
Dig. Art. 1099) it was not necessary to cite the ward, nor to make publication
of the application.

The title of the Act of 1846 to organize Probate Courts, is sufficiently expressive
and suggestive of the subjects embraced in the Act. (It organized the Court
and prescribed the mode of administering estates, guardianships, &c., therein.)

Where the plaintiffs sued in the ordinary form for the recovery of a tract of land,
except that the petition was not endorsed that the suit was brought as well to try
the title as for damages, and the defendants pleaded the particulars of their title,
claiming under a purchaser at a sale of the land under an order of the Probate
Court, obtained by the guardian of the plaintiffs, and the plaintiffs replied fraud
on the part of the guardian and the first purchaser, and the cause went to
trial, it was held that proof of the fraud was properly excluded.

It seems that proof of fraud on the part of the defendant's vendor, would not
throw the *onus* on the defendant, of proving that he is a purchaser in good faith
for value, and that without some evidence that the defendant is not a purchaser
in good faith for value, the evidence of the fraud on the part of his vendor
should be rejected ; or, if admitted, should be excluded.

Appeal from Caldwell. Suit by the appellants against the
appellees to recover a tract of land. Answer setting up title
in the defendants by purchase under an order of the Probate
Court, obtained for the sale of said land, by the guardian of
the plaintiffs. Replication that the order of sale was void, for
want of jurisdiction in the Court, for want of service of cita-
tion on the plaintiffs, and for fraud on the part of the guar-
dian and the purchaser at the sale.

It appeared that C. S. Brown, then guardian of the present
plaintiffs, applied for an order of the Probate Court at May

Term, 1848, for the sale of the land in controversy ; that the
order was made at the same Term, without notice to the plain-
tiffs ; and that the land was sold to one A. Jones, under whom
the defendants claimed.

The plaintiffs offered to prove that the order of sale was
fraudulently obtained by Brown and Jones, on a trumped up
account, in favor of the mother of the plaintiffs ; but the testi-
mony was excluded.

*J. Ireland*, for appellants.

*Hamilton & Chandler*, for appellees.

WHEELER, J.   It is objected to the judgment, that the Pro-
bate Court had not power, under the Act of 1846, to order the
sale by a guardian of his wards' property ; and that its pro-
ceedings respecting the sale of the land in question, were *coram
non judice* and void.

This position is not tenable.   The Act of 1846 treats in ex-
press terms of the powers and duties of executors, administra-
tors and guardians.   (Hart. Dig. Art. 1084, 1085, *et seq.*)
And in so far as its provisions are applicable to the office of
guardian, they relate as well to guardians as to executors and
administrators.   This evidently appears by the several provi-
sions of the Act itself.   Guardians are mentioned in various
of its provisions, and expressly in the 17th Section, (Hart.
Dig. Art. 1099,) under which the proceeding in this case was
had.

It is further objected that the order of sale and the proceed-
ings thereon were void, because citation was not issued and
served on the heirs as the Statute prescribes.   But in this case
there was no one on whom to serve citation.   The heirs were
themselves petitioning by their guardian ; and, of course, there
was no occasion to cite them to answer to their own petition.
The present is unlike the case of Finch v. Edmonson.   (9 Tex.

R. 504.) That was an administrator's sale, made without petition or citation to the heirs as the Statute requires. And it was held that these were necessary to give the Court jurisdiction in such a case. But in that case, there were heirs, who were not cited by their guardian or otherwise, and were not parties to the proceeding. Here the heirs themselves were parties. The petition in this case gave jurisdiction to the Probate Court to order the sale; and there is nothing in the objection that the order was made without the issuance of citation, there being no one to serve with a citation.

Nor is the objection tenable, that the Act of 1846, in so far as it relates to sales by guardians, is unconstitutional and void under the 24th Section of Art. 7 of the Constitution. The object of the Act is sufficiently indicated by its title. The term "Probate Courts" is sufficiently expressive and suggestive of the subjects embraced in the Act.

In respect to the remaining objection, that the Court erred in refusing to admit the testimony of the witness West, to prove that the order of the Probate Court was procured by the fraud of Jones, the purchaser at the sale, it is to be observed, that the petition contains no averment charging the defendants, the vendees of Jones, with notice of the fraud. It is not denied that they are innocent purchasers, without notice of the alleged fraud of their vendor, the first purchaser, who is not made a party to the suit. That they, as subsequent *bona fide* purchasers without notice, are not affected by the fraud of their vendor, has been expressly decided by this Court and is well settled. (Sydnor v. Roberts, 13 Tex. R. 598; 4 Watts, 424; Id. 85; 10 Johns. R. 186; 18 Johns. R. 516.) The Court therefore did not err in excluding evidence, by which it was proposed to affect the titles of the defendants, by proof of fraud in their vendor.

We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.